# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**RAYMOND DAVENPORT**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:10-PT-36**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

### Part I – Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
    - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant freely acknowledged at his hearing that he left the Western District of Michigan without permission and without notifying his probation officer on or about March 21, 2011, and he was not found again until his probation officer reached him on his cell phone in Pennsylvania. Defendant had gone to Pennsylvania on his own, and without permission, to check himself in to a facility in Pennsylvania because of a personal (continued on attachment)

### Part II – Written Statement of Reasons for Detention

Clearly, defendant has failed to show by clear and convincing evidence that there are conditions that will assure his presence in this jurisdiction, or in any jurisdiction, after he repeatedly leaving the jurisdiction of the court at will.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 8, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Raymond Davenport
1:10-PT-36
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) -** (continued)

relationship he had with the person running that facility.  While in Pennsylvania, he was transferred to a second facility but promptly left that facility on or about May 8, 2011, and disappeared again until he was arrested on August 26, 2011.

**Part II - Written Statement of Reasons for Detention -** (continued)